## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELGENE CORPORATION,<br><br>   Plaintiff,<br><br> v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LTD.,<br><br>   Defendants. | Civil Action No. 17-2528 (SDW)(LDW) |
| CELGENE CORPORATION,<br>   Plaintiff,<br><br> v.<br><br>DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC.,<br><br>   Defendants. | Civil Action No. 17-5314 (SDW)(LDW) |
| CELGENE CORPORATION,<br>   Plaintiff,<br><br> v.<br><br>CIPLA LIMITED,<br><br>   Defendant. | Civil Action No. 17-6163 (SDW)(LDW) |
| CELGENE CORPORATION,<br>   Plaintiff,<br><br> v.<br><br>LOTUS PHARMACEUTICAL CO., LTD. and ALVOGEN PINE BROOK, LLC,<br><br>   Defendants. | Civil Action No. 17-6842 (SDW)(LDW) |

**THESE MATTERS** having come before the Court, and for good cause shown:

**IT IS on this 10th day of January, 2018, ORDERED THAT:**

## I. DISCLOSURES

1.       Fed. R. Civ. P. 26 disclosures have already been exchanged.

## II.  DISCOVERY

2.       Fact discovery is to remain open through **March 15, 2019.**  No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3.       As previously agreed by the parties, the parties may serve interrogatories, requests for production of documents, and requests to admit.

4.       Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area are to be completed by **March 15, 2019.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

5.       Plaintiffs have already served their Disclosure of Asserted Claims pursuant to L. Pat. R. 3.6(b).

6.       Defendants, excluding Zydus, shall serve their Invalidity Contentions pursuant to L. Pat. R. 3.6(c) on or before **January 19, 2018.**

7.       Defendants, excluding Zydus, shall serve their Non-Infringement Contentions pursuant to L. Pat. R. 3.6(e) on or before **January 19, 2018.**

8.       Plaintiffs shall serve their Infringement Contentions to Zydus only pursuant to L. Pat. R. 3.6(g) on or before **February 20, 2018.**

9.       Plaintiffs shall serve their Infringement Contentions to Cipla, DRL, and Lotus pursuant to L. Pat. R. 3.6(g) on or before **May 4, 2018.**

10.      Plaintiffs shall serve their Responses to all Defendants' Invalidity Contentions pursuant to L. Pat. R. 3.6(i) on or before **May 4, 2018.**

11.  The parties shall exchange proposed claim terms for construction pursuant to L. Pat. R. 4.1(a) on or before **May 11, 2018.**

12.     The parties shall exchange preliminary proposed constructions and identification of intrinsic and extrinsic supporting evidence pursuant to L. Pat. R. 4.2(a)-(b) on or before **May 24, 2018.**

13.     The parties shall exchange identifications of all intrinsic and extrinsic evidence they intend to rely upon in opposing any proposed claim construction, pursuant to L. Pat. R. 4.2(c), on or before **June 7, 2018.** The parties shall thereafter meet and confer to narrow the issues in dispute.

14.     The parties shall file a Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R. 4.3 (a)-(e) on or before **June 22, 2018.**

15.     The parties shall complete fact discovery relating to claim construction pursuant to L. Pat. R. 4.4 on or before **July 20, 2018.**

16.     The parties shall file and serve their opening *Markman* submissions, including any expert declarations, pursuant to L. Pat. R. 4.5 (a) on or before **August 6, 2018.**

17.     The parties shall complete expert discovery pertaining to *Markman* issues on or before **September 12, 2018.**

18.     The parties shall file and serve their responding *Markman* submissions on or before **October 5, 2018.**

19.     A claim construction hearing will occur in **November 2018.**

20.     Substantial completion of document production shall occur on or before **November 30, 2018.**

21.     Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L. Civ. R. 37.l(a)(l); see also L. Civ. R. 16.l(f)(l). Any dispute not resolved shall be brought to the Court's attention by letter or telephone conference after the parties' good faith attempt to resolve the dispute has failed. Counsel shall advise the Court of the specific efforts that were made to resolve the dispute before contacting the Court. **No discovery motion shall be made without prior leave of Court.**

## III. DISCOVERY CONFIDENTIALITY ORDERS

22.     Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). Any such form of Order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order" complying with L. Civ. R. 5.3.     The parties

are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules. Discovery Confidentiality Orders have been entered in Civil Action No. 17-2528 (D.I. 64), Civil Action No. 17-5314 (D.I. 39), and Civil Action No. 17-6842 (D.I. 33).

## IV. FUTURE CONFERENCES

23.     There shall be a telephonic status conference before the undersigned on the following dates: **17-2528 on March 19, 2018, at 2:00 p.m.; 17-5314 on March 20, 2018 at 2:00 p.m.; 17-6163 on March 21, 2018, at 2:00 p.m.; and 17-6842 on March 23, 2018, at 2:00 p.m.** The parties shall electronically file concise status letters no later than three business days in advance of the conference. Plaintiff's counsel shall initiate the telephone call to 973-645-3574 once representatives for all parties are on the line.

24.     The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.

25.     Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend unless excused by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference. Confidential settlement letters shall be sent to **LDW_orders@njd.uscourts.gov** at least three business days prior to the conference.

26.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

27.     A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

## V. MOTIONS

28.     **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.l(b) and 56.1.

29.     Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **December 1, 2018.** Before seeking Court leave to file a motion to amend a pleading, a party should circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to

amend must contain a redlined version of the proposed amended pleading as an exhibit.

30.     All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery generally must be completed prior to the filing of a dispositive motion.

31.     Dispositive motions, if any, are to be filed by a **date to be determined**.

## VI. EXPERTS

32.     All affirmative expert reports shall be delivered by **a date to be determined.** Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

33.     All responding expert reports shall be delivered by **a date to be determined.** Any such report shall comport with the form and content requirements referenced above.

34.     All reply expert reports shall be delivered by **a date to be determined**. Any such report shall comport with the form and content requirements referenced above.

35.     No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

36.     Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **a date to be determined.**

## VII. FINAL PRETRIAL CONFERENCE

37.     A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(c) **at a time and date to be assigned.**

38.     All counsel are directed to assemble at the office of plaintiff's counsel not later than ten (10) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

39.     The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

40.    **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P.16(1) and 37.**

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original: Clerk of the Court

Cc: Hon. Susan D. Wigenton, U.S.D.J.; All Parties